UNITED STATES BANKRUPTCY COURT

Southern District of California

In re:

Omar Algeria, Debtor

Case No. 24-04888-CL7

Matthew Stika, Plaintiff

v.

Omar Algeria, Defendant

Adversary Proceeding No. _____

COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT

[11 U.S.C. §§ 523(a)(2)(A), 523(a)(6)]

1. Jurisdiction and Venue

This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper in this district pursuant to 28 U.S.C. § 1409.

2. Parties

Plaintiff, Matthew Stika, is a creditor and the holder of a state court judgment against the debtor.

Defendant, Omar Algeria, is the debtor in the above-captioned Chapter 7 bankruptcy case filed in the Southern District of California.

3. Background

- On or about September 12, 2024, Plaintiff obtained a judgment in the amount of $12,500 against Defendant in California small claims court.

- The judgment arose from an agreement in which Plaintiff purchased a vehicle specifically because Defendant agreed to buy it for $14,000, with payments of $1,000 per month until the full amount was paid.

- Defendant sent Plaintiff an initial payment of $1,000.

- After taking possession of the vehicle, Defendant failed to make any additional monthly payments as agreed.

- Plaintiff made multiple attempts to recover the vehicle after Defendant stopped making payments. However, Defendant was evasive, continued to use the vehicle, and demanded additional money from Plaintiff to return it.

- Defendant disclosed during small claims court that he had sold the vehicle and used the sale proceeds to purchase a new vehicle. Plaintiff did not receive any of the money from the sale.

- After the entry of judgment, Defendant proposed a new payment plan of $100 per week, but only made a single payment of $100.

- When Plaintiff followed up nine days later requesting the second scheduled payment, Defendant stated that he would not be making any further payments and provided Plaintiff with the contact information for his bankruptcy attorney, instructing Plaintiff to "respect his position."

- Defendant made no further attempts to pay the debt and filed for Chapter 7 bankruptcy shortly thereafter.

4. Grounds for Nondischargeability

a. Fraud – 11 U.S.C. § 523(a)(2)(A):

Defendant obtained the vehicle and financial benefit through false representations and promises to repay Plaintiff, which he never fulfilled. Plaintiff relied on these representations in good faith. Defendant's conduct constitutes actual fraud under § 523(a)(2)(A).

b. Willful and Malicious Injury – 11 U.S.C. § 523(a)(6):

Defendant's actions in breaching the agreement, refusing repayment, selling the vehicle without consent, and retaining the proceeds were intentional and malicious. These actions caused direct financial harm to Plaintiff and were not the result of accident or negligence.

5. Concealment of Assets and Undisclosed Income

Upon information and belief, Defendant has continued to earn income through both massage services and illicit sexual activity in exchange for money. Plaintiff possesses written evidence, including text messages sent by Defendant offering sexual services for payment.

This income was not disclosed in Defendant's bankruptcy petition or schedules. The sexual services offered by Defendant violate California Penal Code § 647(b), which prohibits the solicitation or exchange of sexual acts for compensation.

Defendant also failed to disclose income received from massage services. In addition, Defendant pays for online advertising or listing services to promote these activities, further indicating that he is operating an ongoing, unreported business.

Defendant's concealment of both legal and illegal income demonstrates willful intent to mislead the Court and creditors, constituting fraud upon the bankruptcy process and a violation of his legal duty of full financial disclosure.

Plaintiff is also in possession of text messages and images in which Defendant admits to earning large amounts of cash and states that he does his own taxes. Defendant describes using this cash to pay rent, travel, give money to others, and purchase land — effectively liquidating his unreported income. In the course of these conversations, Defendant stated he was in Los Angeles visiting and sent Plaintiff a photo of the Capitol Records building, as well as a selfie taken inside a high-end eyewear store. These communications further demonstrate that Defendant is actively concealing income, spending freely, and avoiding financial transparency during the bankruptcy process.

6. Relief Requested

Plaintiff respectfully requests that this Court:

a. Determine that the debt owed to Plaintiff is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6);

b. Enter judgment in favor of Plaintiff in the amount of $12,500, plus allowable interest and court costs;

c. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Matthew Stika

243 N Wisconsin St.

Fallbrook, Ca 92028

(424) 542-5565

Mattstika@gmail.com

Date: 3/26/25