**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Defendant

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## SAN DIEGO DIVISION

| | |
|---|---|
| In re: | Case No: 24-04888-CL7 |
| OMAR ALEGRIA, | Adv No: 25-90036-CL |
| Debtor. | Chapter 7 |
| MATTHEW STIKA, | **DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WICH RELIEF CAN BE GRANTED** |
| Plaintiff, | |
| v. | |
| OMAR ALEGRIA, | |
| Defendant. | |

TO: THE HONORABLE CHIEF JUDGE CHRISTOPHER B. LATHAM, AND MATTHEW STIKA

    Defendant hereby moves this Court to dismiss the adversary complaint filed by Plaintiff Matthew Stika, which seeks to except a purported debt from discharge under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). The Complaint is legally and factually deficient. It fails to state a claim for relief under either provision and is rife with vague accusations, conclusory statements, and irrelevant personal attacks that do not meet the standards required by the Federal Rules of Civil Procedure.

## POINTS AND AUTHORITIES

### I.

### PLAINTIFF'S CLAIM OF NON-DISCHARGEABILITY ARISING UNDER BANKRUPTCY CODE SECTION 523(a)(2)(A) SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AS PLAINTIFF HAS FAILED TO PLEAD ITS CLAIMS WITH SUFFICIENT PARTICULARITY AS TO THE CIRCUMSTANCES CONSTITUTING FRAUD.

For the purposes of a Rule 12(b)(6) motion to dismiss, the Court should assume that all properly plead allegations are true and should construe all ambiguities in favor of the Plaintiff. Here, Plaintiff has alleged that Defendant has made vague accusations of fraud, but fails to allege any specific false statements, misrepresentations, or conduct that would constitute actionable fraud under bankruptcy law.

Federal Rule of Bankruptcy Procedure 7009, which incorporates into bankruptcy adversary proceedings the provisions of Federal Rule of Civil Procedure 9(b), requires that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). _McMaster v. United States_, 731 F.3d 881, 898 n.11 (9th Cir. 2013).

In _In re Englander_, 92 B.R. 425 (B.A.P. 9th Cir. 1988), the court held that this heightened standard requires that the party alleging fraud must "state with particularity the underlying facts and the wrong alleged so that the broad policy of the federal rules to fairly apprise parties of the complaint against them in sufficient detail to allow them to adequately answer and prepare their defense is ensured." _In re Englander_ at 427; see also _In re Jenkins_, 83 B.R. 733, 735 (B.A.P. 9th Cir. 1988).

Another effect of Rule 9(b) is that the heightened pleading standard precludes the use of discovery to supply the facts necessary to state the claim, as these facts must be plead in the initial complaint. _In re Daniell_, BAP EC-12-1506-PAJUK, 2013 WL 5933657 (B.A.P. 9th Cir. Nov. 6, 2013).

The adversary complaint must: "(1) detail the statements (or omissions) that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) were fraudulent." <u>Harsco Corp. v. Segui</u>, 91 F.3d 337, 347 (2d Cir.1996).

Although scienter may be pleaded generally, the pleader must "allege facts that give rise to a strong inference of fraudulent intent." <u>Shields v. Citytrust Bancorp, Inc.</u>, 25 F.3d 1124, 1128 (2d Cir.1994); see also <u>The Responsible Pers. of Musicland Holding Corp. v. Best Buy Co., Inc.</u>, 398 B.R. 761, 773 (Bankr.S.D.N.Y.2008); <u>In re Dreier LLP</u>, 452 B.R. 391, 408 (Bankr. S.D.N.Y. 2011).

Rule 9(b) is intended to provide notice to the accused of exactly what it is that they are alleged to have done, and to discourage frivolous lawsuits that may have a damaging impact upon the defendant's reputation and goodwill. The purpose of Rule 9(b) is to further three goals: "(1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." Di Vittorio v. Equidyne Extractive Indus. Inc., 822 F.2d 1242, 1247 (2d Cir.1987).

The same standards of pleading hold in the Ninth Circuit as do control in the Second Circuit. As the Ninth Circuit stated in <u>Bly--Magee v. Cal.</u>, 236 F.3d 1014, 1018 (9th Cir.2001):

> In most cases, the Federal Rules of Civil Procedure require only that pleadings contain a short and plain statement of the claims. Fed.R.Civ.P. 8. Federal Rule of Civil Procedure 9(b), however, requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996).

<u>Bly--Magee v. Cal.</u>, 236 F.3d 1014, 1018 (9th Cir.2001).

Here, Plaintiff has not alleged how he was harmed by any specific false representations made by Defendant. Plaintiff simply alleges that Defendant manipulated or deceived him, but

3
MOTION TO DISMISS ADVERSARY COMPLAINT

fails to identify any specific promises, misstatements, or facts supporting fraud. Plaintiff also makes vague and scandalous allegations regarding Defendant's personal conduct (e.g., lifestyle accusations) that have no bearing on the dischargeability elements under § 523(a)(2)(A).

Accordingly, the Complaint fails to allege facts supporting a claim under Section 523(a)(2)(a) and should be dismissed.

## II.

## PLAINTIFF'S CLAIM OF NON-DISCHARGEABILITY ARISING UNDER SECTION 523(a)(6) SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AS PLAINTIFF HAS FAILED TO ALLEGE WILLFUL AND MALICIOUS CONDUCT

Bankruptcy Code § 523(a)(6) excepts from discharge debts arising from "willful and malicious injury by the debtor." 11 U.S.C. § 523(a)(6). In <u>Kawaauhau v. Geiger</u>, the Court held:

> **The section's word "willful" modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely, as the Kawaahuas urge, a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury."**

<u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 61-62 (1998).

Here, Plaintiff's complaint merely asserts that Defendant acted "willfully and maliciously" without providing factual allegations supporting this conclusion. Plaintiff offers no facts showing that Defendant acted with a subjective intent to cause harm or with knowledge that harm was substantially certain to occur.

The Ninth Circuit in <u>In re Plyam</u>, 530 B.R. 456, 463 (B.A.P. 9th Cir. 2015) reiterated that § 523(a)(6) requires "either a subjective intent to harm, or a subjective belief that harm is substantially certain." Negligent, reckless, or unintentional conduct does not satisfy this standard.

The Complaint's allegations—even if true—describe at most a breakdown of a personal relationship and generalized grievances, not deliberate and malicious injury.

Accordingly, the Complaint fails to allege facts supporting a claim under Section 523(a)(6) and should be dismissed.

## CONCLUSION

The Complaint in this proceeding is a textbook example of a frivolous and retaliatory pleading. Matthew Stika has weaponized the bankruptcy process to air personal grievances and settle perceived emotional scores, not to pursue a legitimate legal claim. He fails to allege any fraud with the specificity that the law demands, and offers no factual basis whatsoever for the extraordinary remedy of non-dischargeability. Instead, he relies on vague insinuations, baseless attacks, and irrelevant scandal designed to embarrass Defendant and burden this Court.

Accordingly, Defendant respectfully requests that the Court dismiss the Complaint in its entirety, reserve jurisdiction for determination of an award of damages pursuant to Bankruptcy Code Section 523(c)(1), and grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

**NEXUS BANKRUPTCY**

Date: April 29, 2025

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Defendant