OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT

FILED

2025 JUN 30 PM 2:49

CLERK CL
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

UNITED STATES BANKRUPTCY COURT

Southern District of California

In re:

OMAR ALEGRIA, Debtor

Case No. 24-04888-CL7

MATTHEW STIKA, Plaintiff

v.

OMAR ALEGRIA, Defendant

Adv. Pro. No. 25-90036-CL

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Matthew Stika, In Pro Per, respectfully submits this Opposition to Defendant Omar Alegria's Motion to Dismiss filed on April 29, 2025.

I. INTRODUCTION

Defendant seeks dismissal of Plaintiff's Complaint under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6), arguing that the allegations are insufficient. However, Plaintiff has pleaded a clear and specific timeline involving fraudulent conduct, willful and malicious injury, and a calculated attempt to avoid repayment through bankruptcy. The Complaint meets all pleading requirements, and the motion should be denied.

II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While fraud claims require particularity under Rule 9(b), that standard is applied with flexibility, especially in pro se adversary complaints where specific facts clearly support the claim. See In re Riso, 978 F.2d 1151 (9th Cir. 1992).

III. ARGUMENT

A. Plaintiff Has Adequately Pleaded Fraud Under § 523(a)(2)(A)

Defendant agreed to purchase a vehicle from Plaintiff for $14,000, to be paid in monthly installments. On April 6, 2024, Defendant sent Plaintiff $1,000 via Zelle as the first installment. On May 5, 2024, he sent another Zelle payment of $500.

After that, Defendant attempted to renegotiate the terms to $500 monthly and eventually stopped making payments altogether. When Plaintiff asked for the vehicle back, Defendant became evasive.

Between May and September 2024, Defendant traded in the vehicle for a new car without informing Plaintiff and without fulfilling the payment agreement. He admitted this to the judge in small claims court.

On September 12, 2024, Plaintiff obtained a judgment for $12,500. On October 21, 2024, Defendant made a single $100 payment, then ceased all communication and told Plaintiff to contact his bankruptcy attorney.

This sequence of events — including misrepresentation, breach, evasiveness, concealment, and the later bankruptcy filing — supports a clear claim of fraud under § 523(a)(2)(A). The complaint identifies the specific conduct, timeline, and false pretenses with sufficient detail to meet Rule 9(b).

B. Plaintiff Has Adequately Pleaded Willful and Malicious Injury Under § 523(a)(6)

This is not a simple breach of contract. Defendant took possession of a vehicle based on trust and a structured repayment plan — then disposed of it while still owing over $12,000.

After legal judgment, he made a token payment, then cut off all responsibility by filing bankruptcy. These were not passive or negligent acts. The bankruptcy filing itself was timed to block collection and protect the benefits he already obtained — that reflects intentional harm and a pattern of conduct designed to defraud.

Courts interpreting § 523(a)(6) require a "subjective intent to harm or knowledge that harm was substantially certain." (In re Plyam, 530 B.R. 456 (B.A.P. 9th Cir. 2015)). Defendant's conduct satisfies this standard.

C. Concealment of Income and Bad Faith Support the Nondischargeability Claim

Plaintiff also alleges Defendant has continued to earn income through massage and illicit services, which he failed to disclose in his bankruptcy schedules. Text messages show Defendant discussing unreported cash income. This supports a claim of bad faith, intentional concealment, and further evidence of dishonesty — which is relevant to a nondischargeability determination.

IV. CONCLUSION