Order Entered on
July 2, 2025
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In re:<br><br>OMAR JAY ALEGRIA,<br>Debtor. | BANKRUPTCY NO.   24-04888-CL7 |
| MATTHEW STIKA,<br>Plaintiff. | ADVERSARY NO.   25-90036-CL |
| v.<br><br>OMAR JAY ALEGRIA,<br>Defendant. | Date of Hearing:   July 2, 2025<br>Time of Hearing:   2:00 p.m.<br>Name of Judge:   Christopher B. Latham |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ALLOWING
LEAVE TO AMEND**

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through four (4).

DATED:   July 2, 2025

_____
Judge, United States Bankruptcy Court

Page 2  | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ALLOWING
LEAVE TO AMEND

DEBTOR: OMAR JAY ALEGRIA                                    Bankruptcy No. 24-04888-CL7
STIKA V. ALEGRIA                                           Adversary No. 25-90036-CL

The court has considered the complaint (ECF No. 1), Defendant's motion to dismiss (ECF No. 11), Plaintiff's opposition and amended opposition (ECF Nos. 14 & 15), the oral argument at the July 2, 2025 hearing, and its own docket.  For the reasons set forth below, the court will **grant** motion.

### Legal Standards

*Federal Rule of Civil Procedure 12(b)*

A motion to dismiss under Rule 12(b)(6) – incorporated here by Bankruptcy Rule 7012 – tests a complaint's legal sufficiency.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

*Federal Rule of Civil Procedure 8(a)*

Federal Rule of Civil Procedure 8(a) – incorporated here by Bankruptcy Rule 7008 – requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  FED. R. CIV. P. 8(a)(2).

*Federal Rule of Civil Procedure 9(b)*

When a complaint alleges fraud or mistake, Rule 9(b) – incorporated here by Bankruptcy Rule 7009 – requires that it plead the circumstances constituting fraud or mistake with particularity.  FED. R. CIV. P. 9(b).  The Ninth Circuit holds that Rule 9(b)'s particularity standard mandates that a complaint:

> (1) specify the averred fraudulent misrepresentations;
> (2) aver the representations were false when made;
> (3) identify the speaker;
> (4) state when and where the statements were made; and
> (5) state the manner in which the representations were false and misleading.

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

### Legal Analysis and Conclusions

*§ 523(a)(2)(A) – Misrepresentation & Fraud*

The standard for nondischargeability under 11 U.S.C. § 523(a)(2)(A) is well-established:

DEBTOR: OMAR JAY ALEGRIA                                        Bankruptcy No. 24-04888-CL7
STIKA V. ALEGRIA                                               Adversary No. 25-90036-CL

> (1) the debtor made . . . representations; (2) that at the time he knew they were false;
> (3) that he made them with the intention and purpose of deceiving the creditor; (4)
> that the creditor relied on such representations; [and] (5) that the creditor sustained
> the alleged loss and damage as the proximate result of the misrepresentations
> having been made.

*In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010) (citing *Am. Express Travel Related Servs. Co.
v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1996)).

Plaintiff's claim does not satisfy the standards of either Rule 8 or Rule 9. *See* FED. R. CIV. P. 8, 9.
Among other missing information, the complaint does not state when, where, and what manner
the specific misrepresentations were made. *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp.
Dist.*, 940 F.2d at 405. Nor are there allegations that Defendant intended to deceive or that he
knew his representations were false. *See In re Sabban*, 600 F.3d at 1222. This claim is deficient
as currently pled.

### *§ 523(a)(6) – Willful & Malicious Conduct*

A suit asserting § 523(a)(6) liability must assert: (1) tortious conduct; and (2) injury that was both
malicious and willful. *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206
(9th Cir. 2010); *In re Rodriguez*, 568 B.R. 328, 339 (Bankr. S.D. Cal. 2017).

Tortious conduct is alleged here: conversion. *See Lockerby v. Sierra*, 535 F.3d 1038, 1041 (9th
Cir. 2008) (holding conduct is tortious if it is a state tort). Defendant purportedly breached the
agreement to pay Plaintiff by selling the subject car and keeping the money for himself.

Yet there are no plain allegations about how (or whether) Defendant either had a subjective intent
to injure or knew injury was substantially certain to result. *See Petralia v. Jercich (In re Jercich)*,
238 F.3d 1202, 1208 (9th Cir. 2001). Thus, willful injury is not properly pled.

As for the malicious injury element, it is only partially satisfied. An injury is malicious when it
is: "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done
without just cause or excuse." *Jett v. Sicroff (In re Sicroff),* 401 F.3d 1101, 1106 (9th Cir. 2005).
But a plaintiff does not need to provide just cause of excuse. *See In re Hagele*, BAP No. EC-15-
1033-JuDTa, 2016 WL 3965899, at *6 (B.A.P. 9th Cir. July 18, 2016) ("[J]ust cause or excuse is
in the nature of an affirmative defense. . . . [A] debtor must first put forth the just cause or excuse.")
(internal citations omitted). Here, the complaint asserts facts showing that conversion, a wrongful
act, was done intentionally. But there is only a vague and conclusory statement that "direct
financial harm" was caused (ECF No. 1). Accordingly, the § 523(a)(6) cause is not sufficiently
alleged.

Page 4  | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ALLOWING
LEAVE TO AMEND

DEBTOR: OMAR JAY ALEGRIA                                    Bankruptcy No. 24-04888-CL7
STIKA V. ALEGRIA                                           Adversary No. 25-90036-CL

Plaintiff articulates a second theory under this count: Defendant made flashy lifestyle choices, exemplifying the concealment of assets and fraud on the bankruptcy court. While concerning, the court does see how these claims constitute willful and malicious injury against Plaintiff. And importantly, Defendant must have intended to harm him when living this extravagant life. *See Petralia v. Jercich (In re Jercich)*, 238 F.3d at 1208. But that is not alleged. Accordingly, neither theory is adequately asserted.

### Conclusion

For the above reasons, the court finds Plaintiff's complaint deficient as to both counts. Good cause appearing, it **grants** Defendant's motion with leave to amend. Plaintiff must file his First Amended Complaint by **August 4, 2025**, else this dismissal will be final. Defendant's response will then be due **August 18, 2025**.

IT IS SO ORDERED.

Signed by Judge Christopher B. Latham July 2, 2025