**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

Order Entered on July 2, 2025 by Clerk U.S. Bankruptcy Court Southern District of California

| In re: | | | |
|---|---|---|---|
| | OMAR JAY ALEGRIA, Debtor. | BANKRUPTCY NO. | 24-04888-CL7 |
| | MATTHEW STIKA, Plaintiff. | ADVERSARY NO. | 25-90036-CL |
| v. | OMAR JAY ALEGRIA, Defendant. | Date of Hearing: Time of Hearing: Name of Judge: | July 2, 2025 2:00 p.m. Christopher B. Latham |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ALLOWING LEAVE TO AMEND

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through four (4).

DATED: July 2, 2025

*Christopher B. Latham*
Judge, United States Bankruptcy Court

The court has considered the complaint (ECF No. 1), Defendant's motion to dismiss (ECF No. 11), Plaintiff's opposition and amended opposition (ECF Nos. 14 & 15), the oral argument at the July 2, 2025 hearing, and its own docket. For the reasons set forth below, the court will **grant** motion.

### Legal Standards

*Federal Rule of Civil Procedure 12(b)*

A motion to dismiss under Rule 12(b)(6) – incorporated here by Bankruptcy Rule 7012 – tests a complaint's legal sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

*Federal Rule of Civil Procedure 8(a)*

Federal Rule of Civil Procedure 8(a) – incorporated here by Bankruptcy Rule 7008 – requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2).

*Federal Rule of Civil Procedure 9(b)*

When a complaint alleges fraud or mistake, Rule 9(b) – incorporated here by Bankruptcy Rule 7009 – requires that it plead the circumstances constituting fraud or mistake with particularity. FED. R. CIV. P. 9(b). The Ninth Circuit holds that Rule 9(b)'s particularity standard mandates that a complaint:

> (1) specify the averred fraudulent misrepresentations;
> (2) aver the representations were false when made;
> (3) identify the speaker;
> (4) state when and where the statements were made; and
> (5) state the manner in which the representations were false and misleading.

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

### Legal Analysis and Conclusions

*§ 523(a)(2)(A) – Misrepresentation & Fraud*

The standard for nondischargeability under 11 U.S.C. § 523(a)(2)(A) is well-established:

> (1) the debtor made . . . representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; [and] (5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010) (citing *Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1996)).

Plaintiff's claim does not satisfy the standards of either Rule 8 or Rule 9. *See* FED. R. CIV. P. 8, 9. Among other missing information, the complaint does not state when, where, and what manner the specific misrepresentations were made. *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d at 405. Nor are there allegations that Defendant intended to deceive or that he knew his representations were false. *See In re Sabban*, 600 F.3d at 1222. This claim is deficient as currently pled.

### § 523(a)(6) – Willful & Malicious Conduct

A suit asserting § 523(a)(6) liability must assert: (1) tortious conduct; and (2) injury that was both malicious and willful. *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010); *In re Rodriguez*, 568 B.R. 328, 339 (Bankr. S.D. Cal. 2017).

Tortious conduct is alleged here: conversion. *See Lockerby v. Sierra*, 535 F.3d 1038, 1041 (9th Cir. 2008) (holding conduct is tortious if it is a state tort). Defendant purportedly breached the agreement to pay Plaintiff by selling the subject car and keeping the money for himself.

Yet there are no plain allegations about how (or whether) Defendant either had a subjective intent to injure or knew injury was substantially certain to result. *See Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir. 2001). Thus, willful injury is not properly pled.

As for the malicious injury element, it is only partially satisfied. An injury is malicious when it is: "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1106 (9th Cir. 2005). But a plaintiff does not need to provide just cause of excuse. *See In re Hagele*, BAP No. EC-15-1033-JuDTa, 2016 WL 3965899, at *6 (B.A.P. 9th Cir. July 18, 2016) ("[J]ust cause or excuse is in the nature of an affirmative defense. . . . [A] debtor must first put forth the just cause or excuse.") (internal citations omitted). Here, the complaint asserts facts showing that conversion, a wrongful act, was done intentionally. But there is only a vague and conclusory statement that "direct financial harm" was caused (ECF No. 1). Accordingly, the § 523(a)(6) cause is not sufficiently alleged.

Page 4 | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND ALLOWING LEAVE TO AMEND

DEBTOR: OMAR JAY ALEGRIA                                        Bankruptcy No. 24-04888-CL7
STIKA V. ALEGRIA                                                   Adversary No. 25-90036-CL

Plaintiff articulates a second theory under this count: Defendant made flashy lifestyle choices, exemplifying the concealment of assets and fraud on the bankruptcy court. While concerning, the court does see how these claims constitute willful and malicious injury against Plaintiff. And importantly, Defendant must have intended to harm him when living this extravagant life. *See Petralia v. Jercich (In re Jercich)*, 238 F.3d at 1208. But that is not alleged. Accordingly, neither theory is adequately asserted.

## Conclusion

For the above reasons, the court finds Plaintiff's complaint deficient as to both counts. Good cause appearing, it **grants** Defendant's motion with leave to amend. Plaintiff must file his First Amended Complaint by **August 4, 2025**, else this dismissal will be final. Defendant's response will then be due **August 18, 2025**.

IT IS SO ORDERED.

Signed by Judge Christopher B. Latham July 2, 2025

United States Bankruptcy Court
Southern District of California

Stika,
    Plaintiff

Alegria,
    Defendant

Adv. Proc. No. 25-90036-CL

# CERTIFICATE OF NOTICE

District/off: 0974-3     User: Admin.     Page 1 of 1
Date Rcvd: Jul 02, 2025     Form ID: pdfO1     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**
+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 04, 2025:**

**Recip ID**     **Recipient Name and Address**
pla     + Matthew Stika, 243 N Wisconsin St., Fallbrook, CA 92028-2047

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 04, 2025        Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 2, 2025 at the address(es) listed below:

**Name**     **Email Address**
Benjamin Heston
     on behalf of Defendant Omar Alegria bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net

TOTAL: 1