Matthew Stika

(424) 542-5565

Mattstika@gmail.com

FILED

2025 AUG -4  PM 1:53

CLERK  CL
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

In re:

Omar Algeria,

*Debtor.*

Matthew Stika,

                Plaintiff,

v.

Omar Alegria

                Defendants.

Case No. 24-04888-CL7

Adv No: 25-90036-CL

**AMENDED COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**

Action Filed:   08/04/2025

Case 25-90036 CL

90036 Ame CL   5p.

Plaintiff, Matthew Stika, by and through this Amended Complaint, respectfully submits the following against Defendant, Omar Algeria, for a determination that the debt owed to Plaintiff is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). This Amended Complaint is filed to clarify and supplement the original complaint to ensure compliance with applicable pleading standards.

## 1. Jurisdiction and Venue

1.1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), as it concerns the dischargeability of a particular debt.

1.2. Venue is proper in this district pursuant to 28 U.S.C. § 1409, as the underlying bankruptcy case is pending in this district.

## 2. Parties

2.1. Plaintiff, Matthew Stika, is an individual residing at 243 N Wisconsin St., Fallbrook, CA 92028, and is a creditor of the Defendant, holding a state court judgment against him.

2.2. Defendant, Omar Algeria, is the debtor in the above-captioned Chapter 7 bankruptcy case, Case No. 24-04888-CL7, filed in the United States Bankruptcy Court for the Southern District of California.

## 3. Factual Background

3.1. On or about July 15, 2024, Plaintiff and Defendant entered into an oral agreement for the sale of a vehicle (the "Vehicle") owned by Plaintiff. Under the terms of the agreement, Defendant agreed to purchase the Vehicle for $14,000, to be paid in monthly installments of $1,000 until the full amount was paid.

3.2. In reliance on Defendant's promise to make monthly payments, Plaintiff transferred possession of the Vehicle to Defendant on or about July 20, 2024.

3.3. Defendant made an initial payment of $1,000 to Plaintiff on or about July 25, 2024, but failed to make any further payments as agreed.

3.4. Plaintiff made multiple attempts to contact Defendant between August 1, 2024, and September 1, 2024, to demand either the return of the Vehicle or the agreed-upon monthly payments. Defendant was evasive, refused to return the Vehicle, and demanded additional payments from Plaintiff as a condition for returning the Vehicle.

3.5. On or about September 12, 2024, Plaintiff obtained a judgment in the amount of $12,500 against Defendant in the California Small Claims Court, Case

No. 24-SC-02712-C, based on Defendant's breach of the agreement and failure to pay for the Vehicle.

3.6. During the small claims court proceedings, Defendant admitted to selling the Vehicle to a third party without Plaintiff's knowledge or consent and using the proceeds to purchase a new vehicle for himself. Plaintiff received no portion of the sale proceeds.

3.7. After the judgment was entered, Defendant proposed a new payment plan of $100 per week to satisfy the judgment. Defendant made one payment of $100 on or about September 20, 2024, but failed to make any further payments.

3.8. On or about September 29, 2024, when Plaintiff contacted Defendant to request the second scheduled payment, Defendant informed Plaintiff that he would not make further payments and provided contact information for his bankruptcy attorney, stating that Plaintiff should "respect his position."

3.9. On or about October 15, 2024, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court.

## 4. First Cause of Action: Nondischargeability Under 11 U.S.C. § 523(a)(2)(A) (Fraud)

4.1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

4.2. Defendant obtained possession of the Vehicle and the associated financial benefit through false pretenses, false representations, and/or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

4.3. Specifically, Defendant represented to Plaintiff that he would purchase the Vehicle for $14,000, to be paid in monthly installments of $1,000. Defendant made this representation with the intent to induce Plaintiff to transfer possession of the Vehicle.

4.4. At the time of the agreement, Defendant knew or should have known that he did not intend to fulfill his promise to make the monthly payments, as evidenced by his subsequent actions, including his failure to make payments after the initial $1,000, his sale of the Vehicle without Plaintiff's consent, and his use of the proceeds for his own benefit.

4.5. Plaintiff justifiably relied on Defendant's representations by transferring possession of the Vehicle to Defendant.

4.6. As a direct and proximate result of Defendant's false representations, Plaintiff suffered damages in the amount of $12,500, as determined by the state court judgment, plus allowable interest and costs.

4.7. Defendant's conduct constitutes fraud under 11 U.S.C. § 523(a)(2)(A), rendering the debt nondischargeable.

## 5. Second Cause of Action: Nondischargeability Under 11 U.S.C. § 523(a)(6) (Willful and Malicious Injury)

5.1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5.2. Defendant's actions in breaching the agreement, selling the Vehicle without Plaintiff's consent, and retaining the proceeds for his own benefit constitute willful and malicious injury to Plaintiff or Plaintiff's property within the meaning of 11 U.S.C. § 523(a)(6).

5.3. Defendant's conduct was willful, as he intentionally sold the Vehicle knowing that he had no legal right to do so and that Plaintiff was entitled to either payment or return of the Vehicle.

5.4. Defendant's conduct was malicious, as his actions were deliberate, wrongful, and undertaken without just cause or excuse, with the intent to deprive Plaintiff of the Vehicle or its value.

5.5. As a direct and proximate result of Defendant's willful and malicious conduct, Plaintiff suffered damages in the amount of $12,500, as determined by the state court judgment, plus allowable interest and costs.

5.6. Defendant's conduct constitutes willful and malicious injury under 11 U.S.C. § 523(a)(6), rendering the debt nondischargeable.

## 6. Additional Allegations: Concealment of Assets

6.1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

6.2. Upon information and belief, Defendant has failed to disclose income and assets in his bankruptcy petition and schedules, in violation of his duty of full financial disclosure under 11 U.S.C. § 521(a).

6.3. Plaintiff possesses written evidence, including text messages from Defendant dated between June 2024 and September 2024, in which Defendant admits to earning income from massage services and other activities, which he did not report in his bankruptcy filings.

6.4. Defendant has also admitted in text messages to Plaintiff that he earns significant cash income, which he uses to pay rent, travel, make gifts to others, and purchase assets, including land. These admissions include a photograph sent by Defendant on or about August 10, 2024, showing him at a high-end eyewear store in Los Angeles, and another photograph of the Capitol Records building, indicating travel and discretionary spending.

6.5. Defendant's failure to disclose this income and his use of unreported funds to acquire assets demonstrate an intent to conceal his financial condition from the Court and creditors, further supporting the nondischargeability of the debt under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

## 7. Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Determine that the debt owed to Plaintiff in the amount of $12,500, plus allowable interest and costs, is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6);

b. Enter judgment in favor of Plaintiff in the amount of $12,500, plus allowable interest and court costs;

c. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Matthew Stika 8/4/25*

/s/ Matthew Stika

Matthew Stika

243 N Wisconsin St.

Fallbrook, CA 92028

(424) 542-5565

Mattstika@gmail.com

Date: August 4, 2025