Matthew Stika

(424) 542-5565

Mattstika@gmail.com

FILED
2025 AUG -8 PM 1:56
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

In re:

Omar Algeria,

*Debtor.*

---

Matthew Stika,

                              Plaintiff,

     v.

Omar Alegria

                          Defendants.

Case No. 24-04888-CL7

Adv No: 25-90036-CL

**MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Action Filed:    08/06/2025

COMES NOW, Matthew Stika ("Plaintiff" or "Movant"), a creditor in the above-captioned bankruptcy case, by and through this Motion for Relief from Automatic Stay, pursuant to 11 U.S.C. § 362(d)(1), and respectfully requests that this Court

enter an order granting relief from the automatic stay imposed under 11 U.S.C. § 362(a) to permit Plaintiff to pursue enforcement of a state court judgment and related claims against the Debtor, Omar Alegria ("Debtor" or "Defendant"), in state court or other appropriate forums. In support of this Motion, Plaintiff respectfully submits the following:

## I. INTRODUCTION

1. Plaintiff is a creditor of the Debtor holding a state court judgment in the amount of $12,500, plus allowable interest and costs, arising from Debtor's breach of an agreement, fraudulent misrepresentations, and willful and malicious conduct, as detailed in Plaintiff's Amended Complaint filed in this adversary proceeding on August 4, 2025 (the "Amended Complaint").

2. The Amended Complaint asserts causes of action for nondischargeability of the debt under 11 U.S.C. §§ 523(a)(2)(A) (fraud) and 523(a)(6) (willful and malicious injury) and alleges that Debtor has engaged in bad faith conduct by concealing income and assets in his bankruptcy petition and schedules, in violation of 11 U.S.C. § 521(a).

3. Plaintiff seeks relief from the automatic stay to: (a) enforce the state court judgment, (b) pursue related claims, including potential fraudulent transfer actions, and (c) conduct discovery regarding Debtor's alleged concealment of assets, which may impact the bankruptcy estate and Plaintiff's ability to recover.

4. Cause exists under 11 U.S.C. § 362(d)(1) to grant relief from the stay because: (i) the debt is nondischargeable, (ii) Debtor's bad faith conduct undermines the integrity of the bankruptcy process, (iii) judicial economy favors litigation of related state law claims in state court, and (iv) maintaining the stay would prejudice Plaintiff's rights without providing commensurate benefit to the bankruptcy estate.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, as this is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. FACTUAL BACKGROUND

1. On August 4, 2025, Plaintiff filed an Amended Complaint in this adversary proceeding, alleging that Debtor fraudulently misrepresented his intentions regarding an agreement with Plaintiff, sold a vehicle (the "Vehicle") without Plaintiff's consent, and retained the proceeds, resulting in damages of $12,500, as determined by a state court judgment. (Am. Compl. ¶¶ 4.6, 5.5).

2. The Amended Complaint further alleges that Debtor's actions constitute fraud under 11 U.S.C. § 523(a)(2)(A) and willful and malicious injury under 11 U.S.C. § 523(a)(6), rendering the debt nondischargeable. (Am. Compl. ¶¶ 4.7, 5.6).

3. Additionally, Plaintiff alleges that Debtor has failed to disclose significant income and assets in his bankruptcy petition and schedules, in violation of 11 U.S.C. § 521(a). Specifically, Debtor admitted in text messages to Plaintiff, dated between June 2024 and September 2024, to earning unreported cash income from massage services and other activities. (Am. Compl. ¶¶ 6.2–6.3).

4. Debtor's text messages further reveal discretionary spending, including payments for rent, travel, gifts, and the purchase of assets, such as land, as well as photographic evidence dated on or about August 10, 2024, showing Debtor at a high-end eyewear store in Los Angeles and at the Capitol Records building, indicating travel and discretionary expenditures. (Am. Compl. ¶ 6.4).

5. Debtor's concealment of income and assets demonstrates an intent to deceive this Court and creditors, further supporting the nondischargeability of the debt and the need for relief from the stay.

## IV. LEGAL STANDARD

1. Pursuant to 11 U.S.C. § 362(d)(1), the Court "shall grant relief from the stay ... for cause, including the lack of adequate protection of an interest in property of such party in interest." The Bankruptcy Code does not define "cause," granting courts discretion to evaluate the totality of circumstances. In re Sonnax Indus., Inc., 907 F.2d 1280, 1285 (2d Cir. 1990).

2. Courts have recognized "cause" for relief from the stay in circumstances including, but not limited to: (a) pursuit of nondischargeable claims in another forum, (b) debtor's bad faith conduct, such as concealment of assets, and (c) promotion of judicial economy with minimal prejudice to the bankruptcy estate. See In re Curtis, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984); In re Johnson, 756 F.2d 738, 740 (9th Cir. 1985).

3. Bad faith, including failure to disclose income or assets, constitutes cause for relief from the stay, as it violates the debtor's duty of candor and undermines the bankruptcy process. In re Kestell, 99 F.3d 146, 149 (4th Cir. 1996); In re McNealy, 31 B.R. 932, 936 (Bankr. S.D. Ohio 1983).

4. Relief from the stay is also warranted when state court proceedings are better suited to resolve state law claims or when the bankruptcy court's jurisdiction is limited to determining dischargeability rather than liquidating claims. In re Tucson Estates, Inc., 912 F.2d 1162, 1166–67 (9th Cir. 1990).

## V. ARGUMENT

### A. The Nondischargeable Nature of the Debt Supports Relief from the Stay

1. Plaintiff's Amended Complaint alleges that the $12,500 debt is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) due to Debtor's fraudulent misrepresentations and willful and malicious conduct. These claims involve complex factual determinations, including Debtor's intent, which are well-suited for resolution in state court, where the underlying judgment was obtained. (Am. Compl. ¶¶ 4.6-4.7, 5.2-5.6).

2. Courts frequently grant relief from the stay to allow creditors to pursue nondischargeability claims in non-bankruptcy forums, particularly when the bankruptcy court's role is limited to determining dischargeability. In re Curtis, 40 B.R. at 799-800 (granting relief to pursue fraud claims in state court); see also In re White, 186 B.R. 700, 705 (Bankr. C.D. Cal. 1995) (lifting stay to allow litigation of nondischargeable debt in state court).

3. Here, Plaintiff seeks to enforce the state court judgment and pursue related claims, such as potential fraudulent conveyances arising from Debtor's use of unreported income. Maintaining the stay would prejudice Plaintiff by delaying enforcement of a nondischargeable debt without advancing the bankruptcy process.

### B. Debtor's Bad Faith Conduct Constitutes Cause for Relief

1. Debtor's failure to disclose significant cash income and assets, as evidenced by text messages and photographs, constitutes bad faith and violates his duty of full financial disclosure under 11 U.S.C. § 521(a). (Am. Compl. ¶¶ 6.2-6.5).

2. Courts have consistently held that a debtor's concealment of assets or income justifies relief from the stay, as such conduct undermines the integrity of the bankruptcy process. In re Kestell, 99 F.3d at 149 (affirming relief from stay due to debtor's bad faith); In re McNealy, 31 B.R. at 936 (finding cause where debtor concealed assets).

3. Relief from the stay is necessary to permit Plaintiff to conduct discovery and pursue claims related to Debtor's concealed assets, which may include fraudulent transfers that could benefit the bankruptcy estate by recovering additional assets for creditors.

### C. Judicial Economy and Lack of Prejudice to the Estate Favor Relief

1. Granting relief from the stay will promote judicial economy by allowing Plaintiff to litigate state law claims, including enforcement of the judgment and potential fraudulent transfer actions, in state court, which is better equipped to handle such matters. In re Tucson Estates, Inc., 912 F.2d at 1166-67 (lifting stay to allow state court litigation of claims).

2. The bankruptcy estate will suffer no prejudice, as Plaintiff's actions are limited to enforcing a nondischargeable debt and investigating concealed assets, which may augment the estate's assets. See In re Johnson, 756 F.2d at 740 (lifting stay where no prejudice to estate was shown).

3. Conversely, maintaining the stay would unduly prejudice Plaintiff by delaying enforcement of a valid judgment and hindering investigation into Debtor's misconduct, without providing a corresponding benefit to the bankruptcy process.

VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Matthew Stika respectfully requests that this Court enter an order:

a. Granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause, to permit Plaintiff to pursue enforcement of the state court judgment in the amount of $12,500, plus interest and costs, in state court or other appropriate forums;

b. Authorizing Plaintiff to conduct discovery and pursue related claims, including but not limited to potential fraudulent transfer actions, arising from Debtor's concealment of income and assets;

c. Granting such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

/s/ Matthew Stika       *Matt Stika*    8/6/25

Matthew Stika

243 N Wisconsin St.

Fallbrook, CA 92028

(424) 542-5565

Mattstika@gmail.com

Date: August 6, 2025